IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHARLES ARNELL SMITH-BEY,
AKA CHARLES SMITH, #454503,

    Petitioner,

v.    Case No.: GJH-16-665

WARDEN OF JESSUP CORRECTIONAL
INSTITUTION (INC.),

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 4, 2016, Charles Arnell Smith-Bey (aka Charles Smith) filed an "Affidavit of Fact Notice of Default Judgment" attacking his state detention and seeking his release from custody.[1] *See* ECF No. 1. To the extent Smith-Bey challenges the legitimacy of his confinement, his affidavit has been construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Smith-Bey's Petition, addressed to the Warden of the Jessup Correctional Institution, contends that the Warden's Office was previously served with a "Writ of Habeas Corpus Ad Subjiciendum" requiring the production of Smith-Bey's body to "test the legality of his detention/imprisonment, or to release him from unlawful imprisonment." ECF No. 1 at 1–2. Smith-Bey contends that the failure to "produce or release" his body "constitutes contractual DEFAULT and grounds for further litigation." *Id.* (emphasis in original). For the reasons stated herein, Smith-Bey's Petition shall be denied and dismissed with prejudice.

---

[1] The document is dated February 22, 2016.

I.  **DISCUSSION**

This Petition represents the seventh federal habeas corpus action filed on behalf of or by Smith-Bey in the past year.[2] He challenges his March 27, 2014 "violation of probation" conviction and accompanying five-year sentence imposed by the Circuit Court for Charles County.[3] It appears that Smith-Bey is claiming that the jail administrator is in default for not addressing writs filed and served by Smith-Bey's associates and consequently he should be released from custody.

28 U.S.C. § 2254 requires "a person in custody pursuant to the judgment of a State court [to demonstrate] . . . that he is in custody in violation of the Constitution." 28 U.S.C. § 2254(a). Although previously warned by this Court that only constitutional claims would be subject to review, Smith-Bey has failed to set out colorable claims in support of his challenge to his 2014 Maryland conviction and current confinement.

Habeas corpus relief will be denied. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "'that reasonable jurists would find the district court's assessment of the

---

[2] In five of the six prior Petitions, Smith-Bey raised claims related to his Moorish-American ancestry and the jurisdiction of state authorities to prosecute him. Each Petition was summarily dismissed without prejudice. *See Smith-Bey v. Wolfe*, No. GJH-15-1915 (D. Md. July 8, 2015); *Smith-Bey v. Wolfe*, No. GJH-15-1654 (D. Md. June 17, 2015); *Smith-Bey v. Wolfe*, No. GJH-15-1336 (D. Md. May 29, 2015); *Smith-Bey v. Wolfe*, No. GJH-15-764 (D. Md. Apr. 24, 2015); *Smith-Bey v. Wolfe*, No. GJH-15-1067, 2015 U.S. Dist. LEXIS 52859 (D. Md. Apr. 22, 2015). In *Smith-Bey v. Wolfe*, No. GJH-15-1915, the Court cautioned that any further Petitions by Smith-Bey raising a challenge to his conviction on grounds of his Moorish-American defense would be decided on the merits. *See* Order at 4, *Smith-Bey v. Wolfe*, No. GJH-15-1915 (D. Md. July 8, 2015), ECF No. 3. Nonetheless, Smith-Bey raised similar challenges in a Petition in a subsequent action. *See Smith-Bey v. Wolfe*, No. GJH-15-2606, 2015 U.S. Dist. LEXIS 137368 (D. Md. Oct. 6, 2015). That Petition was dismissed with prejudice on October 6, 2015. *Id.* at *6.

[3] The state court docket shows that Smith-Bey was represented by counsel in his criminal proceeding. *See State v. Smith*, No. 08K10000792 (Charles Cty. Cir. Ct. Mar 27, 2014). After a jury trial before Judge Robert C. Nalley, Charles Arnell Smith was convicted of second-degree physical child abuse in the Circuit Court for Charles County, Maryland. On March 27, 2014, he was sentenced to a five-year term. *See id.* The docket indicates that on July 1, 2015, the Court of Special Appeals of Maryland denied Smith-Bey's application for leave to appeal. *See id.* The docket further shows that a Writ of Habeas Corpus Ad Subjiciendum was filed on March 14, 2016. *See id.*

constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003) (citations omitted) (internal quotation marks omitted)). Smith-Bey does not satisfy this standard, and the Court declines to issue a certificate of appealability.

## II.     CONCLUSION

For the foregoing reasons, Smith-Bey's Petition for Writ of Habeas Corpus shall be **DENIED** and **DISMISSED WITH PREJUDICE**.[4] A separate Order shall be entered in accordance with this Memorandum Opinion.

Dated: March 28, 2016

GEORGE J. HAZEL
United States District Judge

---

[4] No habeas filing fee accompanied the Affidavit. In light of the dismissal of this case, Smith-Bey shall not be required to cure this deficiency.